## KING v. LOUISIANA COCA–COLA BOTTLING CO.*
### No. 14660.

Court of Appeal of Louisiana. Orleans.
Dec. 11, 1933.

Gerald Netter, of New Orleans, for appellant.

P. M. Milner, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment denying recovery for damages alleged to have been caused plaintiff by swallowing a few particles of broken glass said to have been contained in a bottle of Coca-Cola, a popular beverage manufactured by the defendant, the Louisiana Coca-Cola Bottling Company. The evidence is to the effect that Preston King, colored, purchased from the Palace Confectionery a bottle of Coca-Cola which had been obtained by the confectionery from the manufacturer, the defendant herein; that he drank about one-half of the contents of the bottle when he discovered that it contained small pieces of ground glass, some of which he swallowed. The remainder of the bottle was then strained through a cloth and additional pieces of glass discovered. These facts were testified to by plaintiff himself and by another negro by the name of Oscar Page and by Antoinette Pickett, a woman employee of the Palace Confectionery.

Dr. Posnainsky testified that plaintiff called upon him and said that he had swallowed some glass and was told by him to take some castor oil and citrate of magnesia. This advice was given on Saturday, and on Monday the doctor said he called upon the plaintiff and removed two small pieces of glass from his rectum.

The defendant, through a number of its employees, explained the method used in cleaning and filling the bottles in its plant, which is proven to be quite modern and to be equipped with ample facilities intended to insure the purity of its product. The inference which defendant would have us draw from this testimony is that it would be impossible, in view of the many precautions taken, for glass to be found in the bottles of Coca-Cola when they leave the defendant's place. However, we are not convinced of the impossibility of deleterious substances finding their way in Coca-Cola bottles and remaining there notwithstanding the vigilance of the defendant and its employees. In fact, the superintendent of the defendant testified, under cross-examination, that foreign matter and broken glass had been found in Coca-Cola bottles and that it is the practice in defendant's factory to subject bottles to a final light test for the purpose of discovering the presence of such objects; the test being made by young women employed for that purpose who, of course, are not infallible. In this case, however, the plaintiff in this petition alleges and established by proof on the trial below that the bottle containing the Coca-Cola which plaintiff drank was in perfect condition, and therefore the glass which it is said to contain did not result from the chipping or breaking of that particular bottle. This circumstance, it seems to us, must have been the cause of plaintiff's undoing for otherwise the jury must have been impressed with the strength of his case. Three witnesses testified, two besides plaintiff, that they saw broken glass removed from the bottle of Coca-Cola, and Dr. Posnainsky testified that he had treated the plaintiff when he came to him complaining of having swallowed broken glass and that he actually removed two small particles from his rectum.

We find it very hard to believe, in view of the showing made by the defendant concerning the care and precaution taken in its plant and the sanitary methods adopted to insure the cleanliness of its product, that broken glass could have gotten into a perfect bottle from some extraneous source, and, in view of the finding of the jury, and the apparent approval of the finding by the learned judge, a quo, in refusing a new trial, we cannot, under well-settled principles of appellate procedure, do otherwise than to affirm the judgment.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

*Rehearing denied January 2, 1934.